FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUL 23 AM 11: 13
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LATRON REDOLOS WARE, )
)
Petitioner, )
)
v. ) CV 116-014
) (Formerly CR 111-270)
UNITED STATES OF AMERICA, )
)
Respondent. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 35.) In his objections, Petitioner argues the Court cannot rely upon the Magistrate Judge's credibility determination as to Ground One because the R&R "does not contain sufficient reasoning for that credibility determination." (Id. at 1.) Petitioner also requests a second evidentiary hearing, claiming the Court "cannot adequately review the credibility determination" otherwise. (Id. at 4-5.)

Nothing in Petitioner's objections warrant a deviation from the Magistrate Judge's well-supported credibility finding. Furthermore, Petitioner is not entitled to a second evidentiary hearing because Petitioner had a full opportunity to develop his claim at the September 7, 2017 evidentiary hearing. Tarver v. United States, 344 F. App'x 581, 583 (11th Cir. 2009) (citing Murray v. United States, 145 F.3d 1249, 1254 (11th Cir. 1998)).

Finally, Petitioner indicates he objects to the R&R on "other" unspecified grounds he

prefers to withhold until after the Court considers his objections concerning credibility. (Doc. no. 35, p. 5, n.2.) Prior to filing objections, Petitioner requested and received two thirty-day extensions of the objections deadline. (Doc. nos. 28, 29, 32, 33.) If Petitioner desired to file additional objections, he should have done so prior to the final July 9, 2018 deadline or requested another extension. The Court will not address Petitioner's individual objections on a piecemeal basis.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and therefore **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 23rd day of July, 2018, at Augusta, Georgia.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```