IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 111-270 |
| | * | |
| LATRON REDOLOS WARE | * | |

O R D E R

Defendant Latron Redolos Ware has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Ware's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13.

The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Ware may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief.[1] To qualify as extraordinary and compelling, an inmate's

---

[1] Ware argues that the First Step Act of 2018 gives a district court authority to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. The Court disagrees. The First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lewis, 2020 WL 6363895, at *1 (M.D. Fla. Oct. 29, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States

2

medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). In this case, Ware contends that his hypertension and type 2 diabetes, in conjunction with COVID-19 should he contract it, place him into this category. Ware submitted select medical records to support his claim of having these medical conditions, but the Government has provided Ware's more recent medical records to present a more accurate account. (See generally Gov't Resp. in Opp'n, Doc. 415, Ex. A.)

The Court has considered Ware's medical records in light of the Centers for Disease Control and Prevention's ("CDC") list of significant risk factors. First, the CDC reports that people with type 2 diabetes "are at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://

---

v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

3

www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on November 30, 2020). Ware's medical records show that while he was diagnosed with type 2 diabetes in January 2014, it was resolved in September 2019. (Gov't Resp. in Opp'n, Ex. A at 17.)  In fact, lab work performed on October 22, 2020 confirms that he does not currently suffer from type 2 diabetes.  (Id. at 25.)  Second, the CDC lists hypertension as a condition that "might" put a person at an increased risk for severe illness should he contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, supra. While the medical records confirm Ware has hypertension, they also show that it is being monitored and treated with prescription medications and counseling.  (Gov't Resp. in Opp'n, Ex. A at 1-3, 6-7, 9, 12, 18 & 24.) As of September 10, 2020, Ware's blood pressure was at its target goal. (Id. at 1.)

In short, it is best remembered that Ware bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).  The Court is not convinced that the present circumstances of his medical conditions place him at such an increased risk to qualify as extraordinary and compelling.

Moreover, prior to release, the Court must weigh the

4

sentencing factors of 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Importantly, Ware still has at least twelve years remaining on his sentence.  Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Latron Redolos Ware's motion for compassionate release (doc. 411) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA