IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 111-270 |
| | * | |
| LATRON REDOLOS WARE | * | |

**O R D E R**

On April 19, 2013, Defendant Latron Redolos Ware pled guilty to (1) conspiracy to distribute 5 kilograms or more of cocaine hydrochloride and (2) conspiracy to commit money laundering. Defendant was subsequently sentenced to a term of imprisonment of 360 months on the first count and 240 months on the second count, to be served concurrently. (Judgment & Commitment Order, Doc. 301.) On September 9, 2015, the Court reduced Defendant's sentence on the first count to 287 months based upon Amendment 782 to the United States Sentencing Guidelines, which retroactively revised the offense levels assigned to the drug quantities set forth in § 2D1.1 of the Guidelines. (Doc. 340.)

Defendant collaterally attacked his conviction and sentence under 28 U.S.C. § 2255, which was denied after a full evidentiary hearing on Defendant's claims of ineffective assistance of counsel. (See Report & Recommendation of April 17, 2018, Doc. 373, and Adoption Order of July 23, 2018, Doc. 385.) The Eleventh

Circuit then denied Defendant's motion for a certificate of appealability. (Doc. 394.)

On November 5, 2020, Defendant moved for compassionate release based upon claims that his medical circumstances, hypertension and type 2 diabetes, in conjunction with the COVID-19 pandemic, were extraordinary and compelling. The Court denied the motion, not only because his medical circumstances did not qualify as extraordinary and compelling, but also because the sentencing factors of 18 U.S.C. § 3553(a) weighed against a sentence reduction. (Order of December 2, 2020, Doc. 418.) The Eleventh Circuit essentially affirmed the Court's conclusions of law in denying Defendant's motion for leave to proceed *in forma pauperis* on appeal. (Doc. 426 (stating that Defendant "does not have a nonfrivolous argument on appeal because the district court did not abuse its discretion in denying his motion for compassionate release").)

On December 1, 2023, the Court denied Defendant's second motion for compassionate release in part because he had failed to exhaust his administrative remedies. (Doc. 435.) Defendant's subsequent appeal was dismissed for failure to pay the filing fee. (Doc. 439.)

On November 13, 2024, Defendant filed his third motion for compassionate release, which is pending before the Court.[1] In the motion, Defendant claims that he is entitled to early release based upon the length of his sentence, his age, his medical condition, the harsh conditions of his prison facility (to include the "resurgence" of COVID), and his rehabilitation.

In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to Policy Statement of the United States Sentencing Commission, U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron,

---

[1] Defendant moves for the appointment of the "Federal Public Defender" at page 6 of his motion. The Southern District of Georgia does not have a Federal Defender's Program. Moreover, there is no statutory or constitutional right to counsel in a § 3582(c) proceeding. United States v. Courson, 835 F. App'x 546 (11th Cir. 2021) (Mem.) (citing United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009)). While the district court has discretionary authority to appoint counsel in the interests of justice, Webb, 565 F.3d at 795 n.4, the Court need not go very far into Defendant's 40-page brief to conclude that he has more than aptly represented himself in this matter. Appointment of counsel is not warranted here.

15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The Policy Statement, as amended on November 1, 2023, contains a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement provides that defendants who are serving unusually long sentences may be eligible for compassionate release under § 1B.13(b)(6). Through his motion, Defendant seeks compassionate release citing medical reasons (§ 1B1.13(b)(1)) and an alleged sentence disparity (§ 1B.13(b)(6)). He also seeks relief under the catch-all provision (§ 1B.13(b)(5)).

"Medical circumstances" that may provide relief include (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

4

not expected to recover;" or (3) a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A-C). In Defendant's case, he claims that his hypertension and type 2 diabetes qualify. The Policy Statement's medical circumstances provision is exacting. Applying its terms to Defendant's situation, he has not argued let alone established under § 1B1.13(b)(1)(A)&(B) that he is terminal or that he is unable to provide self-care at his institutional facility as a result of his medical conditions. Moreover, while Defendant will always suffer from diabetes, he has not established that his medical condition "requires long-term or specialized medical care **that is not being provided** and without which the defendant is at risk of serious deterioration in health or death," § 1B1.13(b)(1)(C) (emphasis added). In fact, the inmate medical records show that he is regularly seen in the chronic care clinic and receives necessary prescription medication to address his conditions. (See generally Doc. 442-1.) Defendant states in his reply brief that the medical records are incomplete and do not reflect the shortcomings of medical care in prison. However, ultimately, Defendant has the burden to establish an extraordinary and compelling reason to warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). He has not done so. Rather, it appears that his medical condition is

5

stable and monitored by the BOP and that his medical care has been ongoing and consistent without serious incident. Thus, his medical circumstances are not sufficiently extraordinary and compelling to warrant compassionate release.

To the extent Defendant is invoking the "Unusually Long Sentence" provision of § 1B1.13(b)(6), it is inapplicable because Defendant has not identified any "change in the law" that would make his sentence if imposed today grossly disparate from the sentence he received. Instead, he only compares his sentence to that of his co-defendants. This comparison is not relevant to the (b)(6) analysis. Without a showing that if sentenced today, Defendant's sentence would be vastly different from the one imposed because of a change in the law, it cannot be said that his sentence is unusually long.

Finally, Defendant proffers additional reasons for a sentence reduction, namely, the harsh prison conditions, his age,[2] and his rehabilitative efforts during incarceration, to suggest he is entitled to a sentence reduction under the catch-all provision of § 1B1.13(b)(5). However, none of these reasons, even in the aggregate, are "similar in gravity" to the reasons articulated in § 1B1.13(b)(1)-(4). Defendant's complaints about the shortage of prison staff, lack of prison programming, lockdowns, and increased

---

[2] Defendant's age of 48 is not probative of anything relevant to the analysis.

susceptibility to contracting COVID are just generalized challenges to his confinement; they do not present grave, individualized circumstances necessary to warrant compassionate release. That is, Defendant fails to show that he has borne any burden of imprisonment in a manner that differentiates him from other inmates. This leaves Defendant's rehabilitation, which may only be considered in combination with other viable extraordinary and compelling circumstances not present here. See U.S.S.G. § 1B1.13(d).

Upon the foregoing, Defendant Ware has not established extraordinary and compelling circumstances warranting a sentence reduction, and thus, his motion for compassionate release (doc. 441) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of February, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA